1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11 | SOLAR INTEGRATED ROOFING CORP.,
12 |
13 | Plaintiff,
14 | v.
15 | DAVID M. MASSEY; LAURA METTIAS; DOES 1 through 10,
16 |
17 | Defendants.

Case No.:  23-cv-2323-MMA (AHG)

**ORDER GRANTING MOTION TO DISMISS**

[Doc. No. 8]

18

19    Solar Integrated Roofing Corp. ("SIRC" or "Plaintiff") has filed this civil action
20 alleging Defendants David M. Massey and Laura Mettias committed securities violations,
21 fraud, negligence, conversion, unjust enrichment, breach of fiduciary duties, and
22 violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act.  *See*
23 Doc. No. 1.  On March 8, 2024, Defendant Mettias filed a Motion to Dismiss pursuant to
24 Federal Rule of Civil Procedure 12(b)(6).  *See* Doc. No. 8, 8-1.  Plaintiff filed an
25 Opposition, Doc. No. 10, to which Mettias filed a Reply, Doc. No. 11.  The Court found
26 the matter suitable for determination on the papers and without oral argument pursuant to
27 Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.  *See* Doc. No. 12.
28 For the reasons discussed below, the Court **GRANTS** the Motion to Dismiss.

1

# I. BACKGROUND[1]

2    Defendant Massey was the Chief Executive Officer of SIRC.  Doc. No. 1 at 4.  In

3  February of 2020, SIRC's Board of Directors ("the Board") issued Massey 5,000,000

4  shares of Class B SIRC stock worth $1,500,000.00 as compensation after Massey told the

5  Board he had not received any compensation for his services.  *Id.* at 4–5.  The Board

6  issued Massey another 1,5000,000 shares four months later, again for compensation.  *Id.*

7  at 5.  Both of these stock transfers were executed even though Massey had in fact

8  received compensation for his role as CEO.  *Id.* at 4–5.  In September of 2021, Massey

9  attempted to convince the Board to buy his shares back for $10,000,000.00 but they

10  refused.  *Id.* at 5.  The Board later agreed to buy 1,000,000 shares for $2,000,000.00 in

11  lieu of compensation, which Massey had again already received.  *Id.*

12    In June of 2021, Massey created a shell company, SIRC, LLC, in order to transfer

13  SIRC stock and improperly profit from the transaction.  *Id.* at 6.  As part of this scheme,

14  Massey allegedly committed several securities violations in his attempt to transfer and

15  sell SIRC stock using SIRC, LLC.  *Id.* at 6–7.  This activity caught the eye of the FBI,

16  which seized 6,258,96 shares on August 25, 2023.  *Id.* at 7.  Plaintiff also alleges Massey

17  committed various instances of "reckless mismanagement" of SIRC's business, including

18  serious accounting discrepancies, "toxic debts," regulatory noncompliance, a lack of due

19  diligence in hiring and acquisitions, gambling with SIRC funds, using SIRC money for

20  personal expenditures, and lying to investors.  *Id.* at 7–14.

21    Plaintiff further alleges that Massey hired Defendant Mettias as a consultant at an

22  inflated rate to prepare and submit loan applications under the Paycheck Protection

23  Program ("PPP"), which provided Small Business Administration loans to businesses

24  who were affected by the COVID-19 pandemic.  *Id.* at 14.  According to Plaintiff,

25

26

---

27  [1] Because this matter is before the Court on a motion to dismiss pursuant to Federal Rule of Civil

28  Procedure 12(b)(6), the Court must accept as true the allegations set forth in the Complaint.  *See Barker v. Riverside Cnty. Office of Edu.*, 584 F.3d 821, 824 (9th Cir. 2009).

23-cv-2323-MMA (AHG)

1  Massey and Mettias submitted fraudulent loan applications and used portions of the loans

2  for their own personal expenses.  *Id.* at 14.  Plaintiff alleges it suffered significant

3  financial and reputational damage, and it asks for damages of $1,100,000,000.00.  *Id.* at

4  14–15.

## II. LEGAL STANDARD

6  A Rule 12(b)(6)[2] motion to dismiss tests the sufficiency of the complaint.  *Navarro*

7  *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule

8  12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

9  obligation to provide the grounds of his entitlement to relief requires more than labels and

10  conclusions, and a formulaic recitation of the elements of a cause of action will not do.

11  Factual allegations must be enough to raise a right to relief above the speculative level."

12  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and

13  citations omitted).

14  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the

15  truth of all factual allegations and must construe them in the light most favorable to the

16  nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

17  Legal conclusions need not be taken as true merely because they are cast in the form of

18  factual allegations.  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *W.*

19  *Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Similarly, "conclusory

20  allegations of law and unwarranted inferences are not sufficient to defeat a motion to

21  dismiss."  *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).  In

22  determining the propriety of a Rule 12(b)(6) dismissal, generally, a court may not look

23  beyond the complaint for additional facts.  *United States v. Ritchie*, 342 F.3d 903, 908

24  (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998).

25

26

27

28

_____

[2] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

23-cv-2323-MMA (AHG)

# III. DISCUSSION

Mettias seeks dismissal of SIRC's fraud claim in Count II because it fails to satisfy Rule 9(b)'s particularity requirement.  Doc. No. 8-1 at 7–9.  Mettias also seeks dismissal of Counts V, VI, VII, and VIII for failing to allege sufficient facts under Rule 12(b)(6).  *Id.* at 9–21.  In its Opposition to the Motion to Dismiss, SIRC concedes that Count VII should be dismissed but argues Plaintiff sufficiently states a claim as to Counts V, VI, and VIII.  Doc. No. 10-1.

## A.     Count VII: Conspiracy to Defraud the United States

SIRC concedes that Count VII should be dismissed because 18 U.S.C. § 371 does not provide for a private cause of action for civil litigants.  *See* Doc. No. 10-1 at 10.  The Court therefore **GRANTS** Mettias's Motion to Dismiss as to Count VII **with prejudice**.

## B.     Count II: Common Law Fraud

In Count II, SIRC alleges Mettias and Massey engaged in common law fraud when they "made false representations of material fact and knowingly concealed material information from SIRC's Board" by lying on applications for loans under the PPP program and using the proceeds from the loans for their personal use.  Doc. No. 1 at 16.  Rule 9(b) requires that allegations of "fraud or mistake . . . must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity.  *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).  In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false."  *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).  However, "intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); *see also Neubronner*, 6 F.3d at 672.  This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the

23-cv-2323-MMA (AHG)

1  fraud charged so that they can defend against the charge and not just deny that they have

2  done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

3      In cases involving multiple defendants, "Rule 9(b) does not allow a complaint to

4  merely lump multiple defendants together but require[s] plaintiffs to differentiate their

5  allegations . . . and inform each defendant separately of the allegations surrounding his

6  alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765–66 (9th Cir.

7  2007); *see also Pegasus Holdings v. Veterinary Ctrs. of Am., Inc.*, 38 F. Supp. 2d 1158,

8  1163 (C.D. Cal. 1998) (where an action involves multiple defendants, a plaintiff "must

9  provide each and every defendant with enough information to enable them to know what

10  misrepresentations are attributable to them and what fraudulent conduct they are charged

11  with.") (citations omitted).  Rule 9(b)'s heightened pleading requirement "protects

12  potential defendants—especially professionals whose reputations in their fields of

13  expertise are most sensitive to slander—from the harm that comes from being charged

14  with the commission of fraudulent acts." *Semegen*, 780 F.2d at 731.  Providing detailed

15  notice to defendants also prevents plaintiffs from filing complaints "as a pretext for the

16  discovery of unknown wrongs." *Bly–Magee v. Cal.*, 236 F.3d 1014, 1018 (9th Cir. 2001)

17  (quoting *In re Stac Elecs. Secs. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

18      "The elements of a cause of action for fraud in California are: (a) misrepresentation

19  (false representation, concealment, or nondisclosure ); (b) knowledge of falsity (or

20  'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e)

21  resulting damage.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009)

22  (quoting *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997) (internal

23  quotation marks omitted).  Plaintiff alleges that Mettias, together with Massey, lied on

24  PPP loan applications by "grossly inflating the payroll figures by indicating that SIRC

25  had over 500 employees," then "siphon[ing] PPP money for personal expenditures."

26  Doc. No. 1 at 14, 16.  As an initial matter, because Plaintiff lumps the Defendants

27  together and does not state what each Defendant did specifically and individually, the

28  Complaint is not sufficient to satisfy Rule 9(b).  *See Swartz*, 476 F.3d at 765–66.  Further,

Plaintiff refers to PPP "applications," but does not specify when those applications were submitted, how much the loans were for, which Defendant submitted or verified the information contained in the applications, or which applications contained the allegedly false information.  Plaintiff also does not provide sufficient detail regarding how Mettias allegedly "siphoned" the PPP loan money, how much money she siphoned, and how she spent that money on personal expenditures.

Plaintiff refers to Exhibits 40 and 41 as support for the allegations in Count II. Doc. No. 1 at 14,  16; Doc. No. 10-2 at 7.  Exhibit 40 is a portion of an email exchange in which Mettias states she is sending "bills for my personal property" to Massey, and Massey asks for "the payoff for the lease," which Mettias promises to provide.  Doc. No. 1-42.  This Exhibit provides no details, however, as to whether, how, when, or why any PPP loan proceeds were used to pay Mettias's "bills for her personal property."  Exhibit 41 is a portion of an email exchange in which Massey states that another individual, Pablo Curiel, told him Mettias said SIRC had 532 employees which contradicted SIRC's Human Resource's statement that SIRC had 203 employees.  Doc. No. 1-43.  The email exchange establishes only that Massey recalled that Curiel told him Mettias reported an incorrect number of employees.  It does not show when Mettias allegedly reported that SIRC had 532 employees on a PPP loan application, on which loan application Mettias is alleged to have made the fraudulent reporting, or any other details regarding the allegedly false PPP loan applications.

In sum, Plaintiff does not provide sufficient specificity, such as the "who, what, when, or how" of Mettias's allegedly fraudulent conduct, to satisfy Rule 9(b). Accordingly, Mettias's Motion to Dismiss is **GRANTED** as to Count II.

**C.**     **Count V: Conversion**

In Count V, SIRC alleges that Mettias "exercised unauthorized control over SIRC's assets" and "divert[ed] PPP loan proceeds to personal use in collaboration with Mr. Massey."  Doc. No. 1 at 17–18.  Mettias argues in her Motion to Dismiss that the Complaint does not state a conversion claim because "a generalized claim for money [is]

23-cv-2323-MMA (AHG)

1  not actionable as conversion," and because it fails to identify what actions Mettias took

2  with sufficient specificity.  Doc. No. 8-1 at 9–11.

3  　　"The elements of a claim for conversion are (1) the plaintiff's ownership or right to

4  possession of the property at the time of the conversion, (2) the defendant's conversion

5  by a wrongful act or disposition of property rights, and (3) damages." *Miller v. Bank of*

6  *America, N.A.*, No. 1:21-cv-00337-JLT, 2022 WL 3704093, at *4 (E.D. Cal. Aug. 26,

7  2022) (citing *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105,

8  1135 (2014).  Money can only be the subject of a conversion claim if "a specific,

9  identifiable sum is involved." *Ortega v. Toyota Motor Sales, USA, Inc.*, 572 F. Supp. 2d

10  1218, 1220 (S.D. Cal. 2008) (citing *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445,

11  452 (1997)).  SIRC contends that identifying the source of funds as the fraudulently

12  obtained PPP loans is sufficient to survive a Rule 12(b)(6) motion.  *See* Doc. No. 10-1 at

13  7 –8.  The Complaint contains no mention of how much the PPP loans were for, nor

14  which loans or what specific sum of money Mettias allegedly converted to her own use,

15  however.  Instead, Plaintiff states only that Mettias "exercised unauthorized control over

16  SIRC's assets" and then "divert[ed] PPP loan proceeds to personal use in collaboration

17  with Mr. Massey."  Doc. No. 1 at 18.  These are conclusory statements that are not

18  sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S at 678.

19  　　SIRC asks the Court to permit it to engage in discovery in order to "bridge the

20  gap" of knowledge regarding the specific sum of money Mettias is alleged to have

21  converted to her own use.  Doc. No. 10-1 at 7–8.  Ninth Circuit case law, however,

22  precludes the use of "anticipated discovery to satisfy Rules 8 and 12(b)(6); rather,

23  pleadings must assert well-pleaded factual allegations to advance to discovery."

24  *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) ("[T]he Supreme

25  Court has been clear that discovery cannot cure a facially insufficient pleading."); *see*

26  *also Audubon Imports, LLC v. Bayerische Motoren Werke Aktiengesellschaft, et al. (In re*

27  *German Automotive Manufactures Antitrust Litigation)*, No. 20-17139, 2021 WL

28

1  4958987, at *1, fn. 1 (9th Cir. Oct. 36, 2021).  Accordingly, SIRC's request for discovery

2  is **DENIED**, and Mettias's Motion to Dismiss is **GRANTED** as to Count V.

3  **D.      Count VI: RICO Violations**

4          Count VI alleges Mettias and Massey engaged in racketeering activity, in violation

5  of 18 U.S.C. § 1961, *et seq.*, the federal civil RICO Act.  Doc. No. 1 at 18–19.

6  Specifically, Plaintiff alleges that Mettias and Massey, "executed a fraudulent scheme

7  involving the misappropriation of PPP funds" by "submitting deceptive applications for

8  PPP funds, which were then diverted for personal expenditures rather than for the

9  legitimate business purposes of SIRC."  *Id.* at 18.

10         A private individual may bring a RICO action pursuant to 18 U.S.C. § 1964(c) if

11  they have been "injured in [their] business or property by reason of a violation of

12  § 1962."  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *Bridge v. Phoenix*

13  *Bond & Indem. Co.*, 553 U.S. 639, 647 (2008).  To state a RICO claim under § 1962, a

14  plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of

15  racketeering activity."  *Sedima*, 473 U.S. at 496.  "An 'enterprise' includes 'any

16  individual, partnership, corporation, association, or other legal entity, and any union or

17  group of individuals associated in fact although not a legal entity.'"  18 U.S.C. § 1961(4).

18  To establish a "pattern," a plaintiff must show "at least two acts of racketeering activity"

19  within a ten-year period.  18 U.S.C. § 1961(5).  "Racketeering activity" is defined in 18

20  U.S.C. § 1961(1), which lists dozens of criminal acts.  18 U.S.C. § 1961(1).

21  Additionally, "a plaintiff must show not only that the defendant's violation was a 'but

22  for' cause of his injury, but that it was the proximate cause as well."  *Forsyth v. Human,*

23  *Inc.*, 114 F.3d 1467, 1481 (9th Cir. 1997) (overruled on other grounds by *Lacey v.*

24  *Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)).  "This requires a showing of a direct

25  relationship between the injurious conduct alleged and the injury asserted" and "a

26  concrete financial loss."  *Id.*; *see also Shaw v. Nissan North America, Inc.*, 220 F. Supp.

27  3d 1046, 1052–53 (C.D. Cal. 2016).

28  / / /

Plaintiff falls well short of stating a RICO claim against Mettias.  Mettias is accused of misappropriating PPP funds and submitting "deceptive" PPP loan applications, the same allegations as contained in Count II.  Doc. No. 1 at 18.  Because the basis for the Complaint's RICO count is fraud, the RICO count, like Count II, is subject to Rule 9(b)'s heightened pleading requirement.  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004).  The Court has already determined that the fraud allegations in Count II of the Complaint are not sufficient to meet Rule 9(b)'s requirement, and so they are also insufficient to satisfy the "conduct" element of the RICO count.  This is quite apart from Plaintiff's failure to allege with any factual specificity the existence of an "enterprise" or a "pattern of racketeering activity."  Further, Plaintiff does not allege a "concrete financial loss" from Mettias's allegedly fraudulent activity, nor does Plaintiff sufficiently connect Mettias's allegedly fraudulent PPP loan misappropriation to any concrete financial loss by SIRC.  *See Forsyth*, 114 F.3d at 1481.  Plaintiff provides no details regarding when the allegedly false PPP loan applications were made, how much the loans were for, how much money Mettias allegedly misappropriated, what "personal expenditures" she allegedly made with the PPP loan proceeds, and how specifically the misappropriation of PPP funds affected SIRC's business.  Accordingly, the Court **GRANTS** the Motion to Dismiss as to Count VI.

**E.      Count VIII: Unjust Enrichment**

In Count VIII, SIRC pleads a claim for unjust enrichment but has not identified any state law that it wishes to apply.  "[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal."  *Romero v. Flowers Bakeries*, LLC, No. 14-CV-05189-BLF, 2016 WL 469370 at *12 (N.D. Cal. Feb. 8, 2016); *see also In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. Mar. 5, 2018) (holding that in order for the Court to determine whether an unjust enrichment claim has been adequately pled, plaintiff must allege the applicable law); *Dell Inc. v. Sharp Corp.* (*In re TFT-LCD (Flat Panel) Antitrust Litig.*), 781 F. Supp.

1    2d 955, 966 (N.D. Cal. Mar. 16, 2011) ("Agree[ing] with defendants that [plaintiff] must

2    specify the state laws under which it is asserting claims for unjust enrichment.").

3    Therefore, SIRC's unjust enrichment claim is subject to dismissal for failure to identify

4    what particular state law it seeks to apply.

5            Nonetheless, it would appear that SIRC brings this claim under California law.  *See*

6    Doc. No. 10-1 at 10 (discussing California law).  Mettias argues that California does not

7    recognize a standalone cause of action for unjust enrichment.  *See* Doc. No. 8-1 at 19.

8    There is a mix of authority on this issue.  The Ninth Circuit and some district courts in

9    California have indeed found that California does not recognize unjust enrichment as a

10   standalone cause of action.  *See, e.g.*, *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753,

11   762 (9th Cir. 2015) (stating that "in California, there is not a standalone cause of action

12   for 'unjust enrichment,' which is synonymous with 'restitution.'") (citations omitted);

13   *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132–33 (N.D. Cal. 2020) (noting that courts

14   have consistently dismissed stand-alone claims for unjust enrichment); *see also Baiul-*

15   *Farina v. Lemire*, 804 F. App'x 533, 537 (9th Cir. 2020) (quoting *McBride v. Boughton*,

16   123 Cal. App. 4th 379, 20 Cal.Rptr.3d 115 (Cal. Ct. App. 2004)).  On the other hand, the

17   Ninth Circuit has also stated that "while California case law appears unsettled on the

18   availability of such a cause of action, this Circuit has construed the common law to allow

19   an unjust enrichment cause of action through quasi-contract."  *ESG Cap. Partners, LP v.*

20   *Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016).  Since the Ninth Circuit's decision in *ESG*

21   *Cap. Partners*, some district courts in the Ninth Circuit have allowed unjust enrichment

22   claims to proceed.  *See Lozano v. Walmart*, No. 23-cv-4500-SPG-MAR, 2024 WL

23   412606, at *12 (C.D. Cal. Feb. 1, 2024); *Snopes Media Grp., Inc. v. Mikkelson*, No. 21-

24   CV-1730-BAS-DEB, 2022 WL 1343106, at *5 (S.D. Cal. May 3, 2022); *Genasys Inc. v.*

25   *Vector Acoustics, LLC*, 638 F. Supp. 3d 1135, 1153–54 (S.D. Cal. Nov. 1, 2022); *see also*

26   *Giannetta v. Marmel*, No. 5:20-cv-1410-RGK-KK, 2021 WL 2954083, at *3 (C.D. Cal.

27   Mar. 19, 2021).  Because of the lack of uniformity in the case law, the Court **DENIES**

28

23-cv-2323-MMA (AHG)

1  the Motion to Dismiss on the ground that there is no cause of action for unjust enrichment

2  in California.

3        Count VIII must nevertheless be dismissed because Plaintiff fails to state a

4  plausible claim for relief.  *Iqbal*, 556 U.S at 678.  "Whether termed unjust enrichment,

5  quasi-contract, or quantum meruit, the equitable remedy of restitution when unjust

6  enrichment has occurred 'is an obligation (not a true contract [citation]) created by the

7  law without regard to the intention of the parties . . . .'"  *City of Oakland v. Oakland*

8  *Raiders*, 83 Cal. App. 5th 458, 478 (2022) (quoting *Federal Deposit Ins. Corp. v.*

9  *Dintino*, 167 Cal. App. 4th 333, 346 (2008)).  "The elements of a cause of action [based

10  on] unjust enrichment are simply stated as 'receipt of a benefit and unjust retention of the

11  benefit at the expense of another.'"  *Id.* (quoting *Federal Deposit Ins. Corp.*, 167 Cal.

12  App. 4th at 346).  Plaintiff states that "Ms. Mettias, through her collaboration with Mr.

13  Massey, obtained financial benefits by misappropriating company assets, including the

14  misuse of . . . [PPP] funds and company funds for personal expenditures."  Doc. No. 1 at

15  20.  This conclusory statement does not provide sufficient detail, such as when the

16  misappropriation occurred, how much money Mettias allegedly misappropriated, and

17  what unauthorized personal expenditures can be attributed to Mettias, to state a plausible

18  unjust enrichment claim.  *Iqbal*, 556 U.S. at 678.  Accordingly, the Court **GRANTS** the

19  Motion to Dismiss as to Count VII.

### IV. Conclusion

21        For the foregoing reasons, the Court **GRANTS** Mettias's Motion to Dismiss.

22  Accordingly, the Court **DISMISSES** Count VII **with prejudice**.  The Court

23  **DISMISSES** Counts II, V, VI, and VIII **with leave to amend**.

24        Any second amended complaint will be the operative pleading and shall be filed no

25  later than **Monday, June 3, 2024.**  Defendant must respond within the time prescribed by

26

27

28

Federal Rule of Civil Procedure 15.[3]  Any claim not re-alleged and any Defendant not named in the second amended complaint will be considered waived.  *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED.**

Dated: May 3, 2024

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] In addition, the Court notes that any second amended pleading must be accompanied by a version of that pleading that shows—through redlining or similar method—how that pleading differs from the previously dismissed pleading.  *See* CivLR 15.1.c.