# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLAR INTEGRATED ROOFING CORP., <br><br> Plaintiff, <br><br> v. <br><br> DAVID MASSEY, et al., <br><br> Defendants. | Case No. 23-cv-2323-MMA (AHG) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT; AND** <br> [Doc. No. 17] <br><br> **(2) DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT** <br> [Doc. No. 23] |

Pending before the Court is Defendant David M. Massey's Motion to Set Aside Clerk's Entry of Default. Doc. No. 17. Plaintiff Solar Integrated Roofing Corp. ("Plaintiff") filed an opposition, Doc. No. 22, to which Massey replied, Doc. No. 27. In addition, the Court granted Plaintiff leave to file a sur-reply. Doc. Nos. 30–31. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 28. For the reasons set forth below, the Court **GRANTS** Massey's motion.

## I. BACKGROUND

This civil action involves a dispute between a company and its former chief executive officer and one of his associates who are accused of "corporate betrayal" and "executing multiple schemes of securities and wire fraud, leading to the reckless downfall of [Plaintiff]." Doc. No. 26. Because the Court need rule on only the narrow issue of the propriety of Massey remaining in default, the Court need not recount the factual allegations, with which the parties are now quite familiar. *See* Doc. No. 15.

Plaintiff filed this action on December 20, 2023. Doc. No. 1. The Clerk of Court entered default against Massey on April 30, 2024. Doc. No. 14. Soon after, Massey filed the instant motion to set aside entry of default on May 8, 2024. Doc. No. 17. As stated above, the motion is fully briefed. On May 30, 2024, Plaintiff also filed a motion for default judgment against Massey. Doc. No. 23. That motion is not yet fully briefed. On June 3, 2024, Plaintiff filed an amended complaint against Massey and Defendant Laura Mettias. Doc. No. 26.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a "court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). "The district court has discretion to determine whether a party demonstrates 'good cause.'" *Yan v. Gen. Pot, Inc.*, 78 F. Supp. 3d 997, 1003 (N.D. Cal. 2015) (quoting *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969)). That discretion "is particularly broad where a party seeks to set aside an entry of default rather than a default judgment." *Id.* at 1004 (citing *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 944–45 (9th Cir. 1986)).

To determine whether good cause exists, a district court must first determine—as a threshold matter—whether the moving defendant was properly served. *See Haynes v. Bank of Am.*, 2009 WL 10680849, at *1 (C.D. Cal. Aug. 5, 2009) (citing *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 202 (9th Cir. 1988)). If service was proper, the district court must then consider three factors: "(1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and

(3) whether setting aside the default would prejudice the plaintiff." *Yan*, 78 F. Supp. 3d at 1004. That "standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). At the same time, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* (quotation and citations omitted).

### III. DISCUSSION

Before the Court addresses the merits of Massey's motion, the Court first turns to the effect of Plaintiff's filing of an amended complaint. "The filing of an amended complaint supersedes the original complaint, which is treated thereafter as non-existent." *Heredia v. MTK Glob. Sports Mgmt., LLC*, No. 520CV02618JWHKKX, 2022 WL 18276955, at *4 (C.D. Cal. May 10, 2022) (citation omitted). The Clerk entered default with respect to Plaintiff's original complaint. Doc. No. 14. "Because Plaintiff's original complaint 'no longer performs any function,' a default based on [that pleading] must also be rendered ineffectual and non-existent." *ThermoLife Int'l, LLC v. Sechel Holdings, Inc.*, 2015 WL 1521779, at *1 (D. Ariz. Apr. 3, 2015) (citations omitted). Thus, even if the instant motion lacked merit, the Clerk's entry of default would still be set aside.

Moving to the merits, Massey first argues that Plaintiff failed to serve him properly. "It is axiomatic that a federal court does not have jurisdiction over a defendant if the defendant is not properly served." *Gaboratory, Inc. v. Gaboratory Int'l, Inc.*, 2008 WL 11406072, at *2 (C.D. Cal. Nov. 10, 2008) (citing cases). "[A]ny default entered following defective service of process *must be vacated*." *Id.* (emphasis added) (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–86 (1988)). Once a defendant asserts that it was not served properly, "plaintiffs bear the burden of establishing that it was valid under Rule 4." *Id.* (citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)).

Massey argues that he was not served properly because "the summons left for Mr. Massey . . . was not the summons issued by the Clerk in this litigation, was not signed by

the Clerk, and did not bear the seal of the Court." Doc. No. 17-1 at 10.  Plaintiff's sole argument in response concludes that "[t]he [s]ummons served on Defendant Massey was properly issued by the Clerk on December 21, 2023, containing both the Clerk's signature and the Court's seal, as required by Federal Rule of Civil Procedure 4(a)." Doc. No. 22 at 7 (citing Doc. No. 9 at 2).  However, upon review of Document Number 9 in this case, the Court finds that Massey is correct that the summons served on him was not the same as the summons issued by the Clerk of Court at Document Number 2. Indeed, the summons at Document Number 9, which Plaintiff cites, does **not** contain the Court's seal nor the Clerk's signature.  Doc. No. 9 at 2.

The text of Federal Rule of Civil Procedure 4(b) states that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.  If the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4.  By the explicit language of Rule 4(b), one of the few essential requirements of a summons is that it contains the clerk's seal and signature.  *Cf. Maricopa County v. American Petrofina, Inc.*, 322 F. Supp. 467, 469–70 (D.C. Cal. 1971).  This requirement was not met in this case and Plaintiff does not provide any explanation for its failure to serve the correct summons on Massey. Therefore, the Court finds that this defect is not merely technical in nature but fatal to proper process. *See Ballon v. L. Offs. of Robin W. Enos*, No. 06CV0074 IEG (WMC), 2006 WL 8455278, at *3 (S.D. Cal. Dec. 6, 2006) (noting that a summons not issued and signed by the Clerk with the seal of the Court affixed thereto fails to confer personal jurisdiction over a defendant even if properly served) (citing *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996)).

Even if service was proper, the Court concludes that good cause exists to set aside entry of default.  First, the Court finds no evidence of bad faith or culpable conduct in Massey's failure to respond to the original complaint.  It is not enough that some emails show that Massey may have "made a conscious choice not to answer," rather to find that his failure to answer was culpable, Massey must have acted in bad faith, such as an

1  "intention to take advantage of the opposing party, interfere with judicial decision
2  making, or otherwise manipulate the legal process." *United States v. Signed Pers. Check*
3  *No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010).  Here, the Court finds
4  that there is no evidence of bad faith, especially considering that Massey filed his motion
5  to set aside entry of default mere days after the Clerk entered default.  Thus, this factor
6  weighs in favor of setting aside entry of default.

7      Second, the Court favors a decision on the merits.  *See Eitel v. McCool*, 782 F.2d
8  1470, 1472 (9th Cir. 1986) (holding default judgments generally are disfavored because
9  "cases should be decided on their merits whenever reasonably possible").  Massey asserts
10 he will provide defenses in this litigation, including that Plaintiff's complaint fails to state
11 a claim.  Doc. No. 17-1 at 17.  Therefore, the Court will be able to evaluate the merits of
12 Plaintiff's case against Massey, and decide the case on the merits.  *See Mesle*, 615 F.3d at
13 1091 (burden to show meritorious defense is "not extraordinarily heavy" and "the
14 question whether the factual allegation is true . . . would be the subject of the later
15 litigation") (internal quotation marks, alteration marks, and citation omitted).

16     Lastly, the Court finds no prejudice to Plaintiff in permitting this case to proceed
17 forward.  Specifically, this case is still in the early stages of litigation and no scheduling
18 order has been issued.  *Contra PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172,
19 1177 (C.D. Cal. 2002) (noting this factor weighs in favor of default if the plaintiff "will
20 likely be without other recourse for recovery" without a default judgment).  In addition,
21 the Court especially finds no prejudice in this case given Plaintiff's filing of an amended
22 complaint.

23     In light of the foregoing, the factors weigh in favor of setting aside the Clerk's
24 entry of default against Massey.  Therefore, the Court **GRANTS** Massey motion to set
25 aside entry of default, Doc. No. 17.

26                     **IV. C**ONCLUSION
27     For these reasons, Massey's motion to set aside entry of default is **GRANTED**.
28 Accordingly, the Court **VACATES** the Clerk's entry of default against Massey.  In

addition, Plaintiff's motion for default judgment is **DENIED** as moot and the hearing scheduled for July 15, 2024 on the matter is hereby **VACATED**.  Should Massey fail to litigate this action further, Plaintiff may re-seek the Clerk's entry of default.

Defendant Massey is **ORDERED** to respond to Plaintiff's amended complaint no later than **July 8, 2024**.

**IT IS SO ORDERED**.

Dated:  June 24, 2024

HON. MICHAEL M. ANELLO
United States District Judge